## WALSH & MALLORY *vs.* OSTRANDER.

Although as a general rule a *verdict* and *judgment* in one cause, cannot be given in evidence in another cause, unless it be between the *same parties* and for the *same matter*, still in an action by A. against B., for money had and received, it is competent for the plaintiff to give in evidence a *verdict* and *judgment* in a suit by B. against A. and C., to rebut proof that the money claimed was *appropriated* to the demand of B. against A. and C , and to show by *parol proof* that in the action against A. and C., the *whole demand* of B. was claimed, and *no credit given* for the money now sought to be recovered.

Where an accountable receipt is given—by which the receiptor agrees to pay to A. the amount of a note to be collected by him—part in *cash* and part in *goods*, no demand of the *goods* is necessary, if the receiptor after receiving payment of the note insists upon applying the money to a demand owing to him by *A. and another person.*

Walsh v. Ostrander.

Although the receiptor in such case had a *joint demand* against A. and *such third person,* he was not entitled in an action by A. against him to *set off* the money collected on the note.

ERROR from the superior court of the city of New-York. Ostrander sued Walsh and Mallory for money had and received to his use, and on the trial of the cause proved that on the 3d December, 1836, he gave to the defendants a promissory note of one N. C. Platt, for the sum of $535, payable 12th November, 1837, for which the defendants gave him a receipt on account; and it was agreed that the plaintiff might *trade out* a part then, and the balance six months thereafter. The plaintiff took *goods* to only the amount of $358. On the 24th November, 1837, the defendants collected on the note of Platt the sum of $505, and the plaintiff brought his action to recover the balance due to him. The defendants insisted that they had the right to *appropriate* such balance towards satisfaction of a *joint* demand they held against the *plaintiff* and one *Gould,* and produced evidence to show that the balance had been thus appropriated in the books of account, of both themselves and the plaintiff; to rebut which evidence, the plaintiff produced a record of judgment in an action prosecuted by the defendants against the now plaintiff and Gould, for goods sold, in which they recovered the full amount of their demand against *Ostrander and Gould,* without crediting any sum whatever as received on the note of Platt; to the introduction of which record, and the proof of what transpired on the trial, the defendants objected; but the objections were overruled, and the defendants excepted. Previous to the introduction of this proof, the defendants had moved for a *nonsuit,* on the grounds: 1. That to sustain the action the plaintiff was bound to show a *demand* of goods in payment of the receipt; and 2. That as the plaintiff was indebted to the defendants *jointly* with Gould, the defendants had a right to apply the *balance* of the money received from Platt, towards satisfaction of such *joint indebtedness*— which motion was overruled, and the defendants excepted. The presiding judge charged the jury that the plaintiff was entitled to recover unless they should find that there had

been an appropriation of the *balance* received by the defendants on Platt's note, with the assent of the plaintiff. To which charge the defendants excepted. The jury found for the plaintiff, the amount of the balance with the interest thereof, and judgment was entered accordingly. The defendants sued out a writ of error.

*H. P. Hastings,* for plaintiffs in error.

*S. Stevens,* for the defendant in error.

*By the Court,* Cowen, J. The question whether the balance claimed by the plaintiff below had been extinguished by an application of it to the payment of the debt due from him and Gould jointly, was left to the jury under the proper qualifications, and they have found that it was not. There was nothing in evidence on that question to conclude the judge or jury, and the only point calling for consideration, grows out of the objection that the *previous suit* and proceedings in the New-York common pleas were inadmissible. As to the competency of these, the familiar ground is taken, that to be evidence in one cause, a verdict or judgment in another must have been between the *same parties,* as well as in respect to the *same matter.* The propositon is perfectly correct, but has no application to the proceedings in the common pleas, when taken in connection with the purpose for which they were offered as evidence. The proposition is confined to cases where the record in another suit is offered to prove that the question in the pending cause was decided in the other, and to infer that, as it is a thing which has before been passed upon in judgment, it therefore cannot be again examined. When used for other objects, as in deraigning a title, or to show a confession, or an act done, the reason of the rule ceases. A mere stranger to a verdict and judgment, for instance, who claims land in virtue of a purchase upon execution, may give the record in evidence. A plea of guilty to an indictment for an assault and battery may be received as evidence against the defendant in a civil action at the suit of the prosecutor; an

answer in chancery in one suit is admissible in another between different parties. They are both receivable, like any other confession of the fact; and, by a very plain parity of reasoning, when the defendants in the case at bar sued in the common pleas and recovered their whole demand against GOULD *and* OSTRANDER, without crediting the debt in suit by OSTRANDER alone, it is an admission that all their allegations about its having been before applied, are a mere pretence. If it had been before applied, they, as honest men, should have seen that credit was properly given on the former trial. It is treating them favorably, at least, to say that they then fairly withheld the credit. Their conduct in that suit, and upon that trial, thus being pertinent, was receivable as a part of the *res gestæ.* These views are sustainable by quite a number of cases, which I have examined. I will refer to one or two of them. *See De Forest* v. *Strong,* 8 *Conn. R.* 513; *argument of Bissell, J., id.* 521. *See also Wells* v. *Shipp, Walker's R.* 353, in which Nicholson, J. said: "Although these records are not directly between the plaintiff and defendant, yet they were a part of the *res gestæ,* out of which the present action had grown. They were circumstances from which the jury might properly deduce facts; and the court very properly permitted them to go to the jury."

There cannot be a doubt that oral evidence was admissible to show what in fact passed on the trial; and the act of the attorney in withholding the credit was, in legal effect, the act of his principals. Indeed, the plaintiffs in error have, to this day, holden on to the verdict obtained there, which they wish us now to decide was obtained without their authority. Nothing of reducing that verdict by a credit has been heard in the course of this cause, till it came to argument on the writ of error before us. To reverse this judgment would be to say they may recover the same money twice.

It is singular that we should have a serious objection now raised, that the goods due for the note were not demanded before the plaintiffs in error were sued. They had declared their intention to withhold payment, both in goods and in

money, and insisted on applying the money to the joint debt of Ostrander and Gould; and this, after they had got the money of Platt. They have gone on to litigate this suit, on the ground that they had a right so to apply it. For the law to say that this was a case for *demand*, either of goods or money, would be to exact a most idle and extravagant act of courtesy.

The chief justice was clearly right in saying that the contract was with Ostrander alone. It was, therefore, not a case in which the plaintiffs in error could claim to apply or set it off against a demand due from him and another, without an express or implied agreement of the parties so to apply it. That there was any such agreement, the jury have denied by their verdict.

Judgment affirmed.