By the Court, Cowen, J.
The objection to the competency of Bennett was that, by sustaining the plaintiffs’ claim and enabling them to recover the value of the goods in this action against the sheriff, he, the witness, would, in effect, discharge himself. Something resembling this has been held in actions arising ex contractu against one who denies that he made the contract, but sets up as a defence that it was made by the witness. In such case, the witness, appearing to be prima facie liable, is said, on being offered by the plaintiff, to be *579 interested to testify in his favor ; because, by fastening the contract on the defendant, the witness will be discharged. Even in such case, however, he could hardly be said to escape liability by the plaintiff’s recovery. That would be the probable effect, and it would be the necessary effect if the plaintiff should succeed in collecting his claim of the defendant. The instance which best illustrates this rule is perhaps the ordinary case of an agent, buying goods for his principal, without disclosing his name. There, in an action by the vendor against the principal, it has been held that the plaintiff can not use the agent as a witness. (M’Brain v. Fortune, 3 Camp. 317.) I had occasion in Collins v. Young, (21 Wend. 400, 403,) to cite several cases by which this principle is followed out; and some in this court. In Marquand v. Webb, (16 John. 93, 94,) Spencer, J. put the case of an officer being sued in trover by a stranger, for levying on property as belonging to the debtor. He said the debtor would., not be a competent witness for the officer, because he would be interested to discharge his own debt by subjecting it to the execution. (1 Phil. Ev. 64, S. P. Cowen & Hill’s ed.) Yet, in actions for torts, this principle has in general been disregarded. One of two joint trespassers is sued ; the other is admissible for the plaintiff, though, in England, a recovery by the plaintiff would absolutely discharge the witness, and with us would eventually have that effect. I also had occasion to notice this discrepancy in Collins v. Young, (21 Wend. 402, 403 ;) and to cite cases by which it is abundantly established. My conclusion there was, (p. 403, 404,) that a balance of the cases on contract would exclude the witness, though they are clearly the other way as to actions for tort. The rule is handed down from the earliest English N. P. reporter (Clayton,) and well illustrated by his book. The whole is thus reported : “ In trespass against A., one B. was admitted- to witness against him, though, by his own confession, he was a joint trespasser; and by his oath did cast the damages upon his companion and so freed himself in a manner.” (Clayt. 115, A. D. 1647.) He need not have said in a manner; for, *580 in England, the recovery by the plaintiff would, per se, have been a bar, and might have been pleaded as a bar by the witness. At least, Chitty says so; (1 Chit. Pl. 89, Am. ed.of 1840 ;) and so it was held at Westminster Hall several years before Clayton began to report. (Broome v. Wooton, Yelv. 67 ; S. C. nom. Brown v. Wootton, Cro. Jac. 73 ; S. C. nom. Browne v. Wotton, Moor. 762.) With us it is a discharge sub modo, and according to the consequence or effect; as, if the plaintiff elect to take out execution against the defendant, and especially if he obtain satisfaction. (Livingston v. Bishop, 1 John. Rep. 290.) At least, therefore, the recovery will have an effect as directly beneficial to the witness as the recovery in the cases cited upon contract. Yet he is rejected in this instance, and received in that. (See 1 Phil. Ev. 41,64, Cowen & Hills ed.) On the same distinction, in replevin by the under tenant for goods of his distrained by the landlord paramount, the intermediate tenant was held to be an incompetent witness for the landlord, to enlarge the amount of the rent; for, pro tanto, the recovery of the landlord would have the effect to discharge the witness’ debt for rent. (Upton v. Curtis, 1 Bing. 210.) An avowry in replevin is in the nature of a declaration for a debt. By a report of Upton v. Curtis, in 8 Moor. 52, 57, it may be seen on what principle all such cases go. Dallas, Ch. J., speaking of the interest of T. Pettman, the witness, said, “ This will not turn on the test whether the verdict can be used in evidence either for or against him. If the effect of his testimony was to discharge himself from his payment of any part of his rent to the defendants &c., it appears to me he would clearly be interested in the event of this action.” Burrough, J. concurred in the same principle ; so probably as to Park, J. though he is less explicit in saying so. In all such cases, if the verdict and judgment be evidence at all, they are not so as concluding any thing; but merely as items of proof to establish the fact that the witness is relieved by satisfaction. He is interested in producing the result, where the fruit of the recovery will be necessarily applied inpayment of his own debt. Yet though *581 the effect is the same in the cases respecting both debt and tort, we have constantly seen the two lines of authority diverging from one another. In one the witness is competent, in the other incompetent, on the same principle.
Now we might say in the case before us that Bennett was properly received on those cases which stand in the line of competency ; but I apprehend it will be found that in neither has the witness ever been held incompetent, except where the money to be recovered by his testimony might eventually, by operation of law, be applied in partial or total discharge of the debt which he owes. It is plain that a recovery of the goods by these plaintiffs can have no such effect. The recovery, we have already seen, would not, per se, be evidence, at least not conclusive evidence, against an action on his note, or for goods sold. It is indeed incompatible wfith the fact of sale—incompatible, therefore, with a claim on the note. It could only operate as an implied admission by the plaintiffs that they never sold to the witness. (Walsh v. Ostrander, 22 Wend. 178,181.) Yet, after all, the plaintiffs, on finding themselves mistaken as to the ground of their present claim, may yet sue the witness and recover. Their bringing the present action and succeeding in retaining the goods, might and probably would be overwhelming evidence against them. Yet it would not be an estoppel. It would be moral evidence only, not conclusive. Suppose them to find out their mistake and tender the goods to the witness ; it is by no means certain that they might not recover. The interest of the witness to testify in their favor is, therefore, contingent; and I think comes within the well known class of cases which refuses to recognize an interest as disqualifying, unless it be direct and unconditional. (Dudley v. Bolles, 24 Wend. 467 to 470, and the books there cited.) Even if there were doubt upon the cases, we ought to decide in favor of competency. (Id. 471.) But I do not think there is any serious doubt.
New trial denied.