Whitford agt. Scott and Bissell.

───────────

## SUPREME COURT.

### STUTLEY G. WHITFORD agt. WILLIAM SCOTT and MATTISON BISSELL.

*Two trustees* of a school district cannot act as such in the performance of their duties, except upon a meeting of all three of the trustees, whether the third one refuses to act or not.

Therefore the apportionment of a tax among the taxable inhabitants of a school district, and the issuing a warrant for its collection, by two trustees, without meeting with or consulting the third trustee, is *void*. (*See Horton* agt. *Garrison*, 23 *Barb.* 176.)

And it dont help the difficulty that the third trustee will not act. If he refuses to discharge his duties as a trustee, he can be punished by indictment, and is liable to pay a penalty of $10, for each refusal to perform any duty required by law. Besides, he may be removed from office by the state superintendent of public instruction.

*Broome General Term, Jan.,* 1857.

*Present,* GRAY, MASON *and* BALCOM, *Justices.*

THIS action originated in a justice's court in Otsego county. It was brought to recover the value of a cow that belonged to the plaintiff, and which one Brooks took and sold as collector of a school district, by virtue of a warrant issued and delivered to him by the defendants, as trustees of the district, for the collection of a tax voted upon the district.

The tax was apportioned, and the warrant was issued for its collection by the two defendants, as trustees of the district, without meeting with or consulting the third trustee. Brooks levied upon and sold the cow by the direction of the defendants; and they justified their acts as trustees of the district under the warrant.

After the plaintiff had proved that the defendants apportioned the tax among the taxable inhabitants of the district, and issued the warrant to Brooks for its collection, without meeting with or consulting the third trustee, the defendants gave evidence which tended to establish that the third trustee had refused to act, as such, in apportioning and collecting the tax.

The jury found a verdict for the defendants, on which the justice rendered a judgment against the plaintiff for costs. The Otsego county court affirmed the judgment, and the plaintiff appealed to this court.

JAMES E. DEWEY & L. E. BOWE, *for plaintiff.*
L. J. BURDITT, *for defendants.*

By the court—BALCOM, Justice. The return of the justice shows that the tax list and warrant, by virtue of which the plaintiff's cow was taken and sold, were made out by the two defendants without meeting with the other trustee of the district, or consulting him on the subject.

It is provided by statute as follows :—

" Whenever any power, authority, or duty is confided by law to three or more persons, and whenever three or more persons or officers are authorized or required by law to perform any act, such act may be done, and such power, authority, or duty may be exercised and performed by a majority of such persons or officers, upon *a meeting of all the persons or officers*, so entrusted or empowered, unless special provision is otherwise made." (2 *R. S.* 458, § 27.)

It has been held that this enactment is applicable to the action of trustees of school districts in the discharge of their offi-

cial duties. (*Lee* agt. *Perry*, 4 *Denio*, 125.)   The tax list and warrant are, therefore, illegal, and they did not justify the defendants in causing the seizure and sale of the plaintiff's cow.

This court has repeatedly held, in this district, that two trustees of a school district cannot act as such in the performance of their duties, except upon a meeting of all three, whether the third one refuses to act or not.

Assuming that the case clearly shows that the third trustee had often declared that he would do nothing towards the apportionment or collection of the tax, for the collection of which the tax list and warrant were made out by the defendants, it does not render their acts valid, for the statute does not authorize two trustees to act at all in such a matter, except upon *a meeting of all three.*   Special provision has been made by the legislature, authorizing *two* commissioners of highways to act in the execution of the powers conferred upon them, provided the third commissioner is duly notified to attend a meeting of the three, and neglects to do so, and the order that the two make states the fact that the third was duly notified to attend the meeting for the purpose of deliberating on the subject embraced in it. (1 *R. S.* 525, § 129; 22 *Wend.* 132.)   But no such power has been conferred upon two trustees of a school district.

It is unnecessary to the determination of this case, to state the remedy that the inhabitants of a school district have against a trustee who refuses or neglects to discharge the duties of his office; but I will do so, because there seems to be much misapprehension on the subject.

A trustee of a school district, who refuses to discharge his duties as such, can be punished by indictment. (2 *R. S.* 696, § 38; 2 *Hill*, 196; 1 *Denio*, 457; 3 *id.* 381.)   Such a refractory trustee is also liable to pay a penalty of $10 for each refusal to perform any duty required by law; (*Laws of* 1847, *p.* 698, § 79; *id. p.* 713, § 145;) and he may be removed from office by the state superintendent of public instruction. (*Laws of* 1849, *p.* 537, § 15.)

The judgment of the county court, and that of the justice in the action, should be reversed, with costs.

MASON, Justice, delivered an opinion, in which he came to the same conclusion.

GRAY, Justice, concurred.

N. B. This case is reported because it is the law in the sixth district; and so the profession and school officers in such district may not anticipate a different holding by reason of the publication of the decision in *Horton* agt. *Garrison*, (23 *Barb.* 176.)