BROOKLYN DISTILLING COMPANY, Respondent, *v.* STANDARD DISTILLING AND DISTRIBUTING COMPANY, Appellant.

1. WHEN AGENT CEASES TO REPRESENT HIS PRINCIPAL. Where an agent acts for his own benefit and advantage or for the benefit and advantage of persons who are opposed in interest to his principal, he ceases to be an agent acting in good faith for his principal.

2. WHEN KNOWLEDGE OF OFFICER NOT IMPUTED TO CORPORATION. The president of plaintiff executed a lease on its behalf to defendant; defendant subsequently refused to pay rent for the premises on the ground that the lease was made in furtherance of a plan to create a monopoly, of which fact plaintiff's president had knowledge. The referee found that such knowledge came to plaintiff's president by reason of his relations to and interest in defendant. *Held,* that the presumption that he

disclosed all the facts that came to his knowledge does not prevail, and that plaintiff is not chargeable with such knowledge. (*Benedict* v. *Arnoux*, 154 N. Y. 715, 723, followed.)

*Brooklyn Distilling Co.* v. *Standard D. & D. Co.*, 120 App. Div. 237, affirmed.

(Argued November 20, 1908; decided December 15, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department entered June 29, 1907, affirming a judgment in favor of plaintiff entered upon the decision of the court at a Trial Term, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles W. Pierson* and *John L. Cadwalader* for appellant. The lease in suit, while innocent on its face, was made in furtherance of an unlawful purpose, known to both parties, and is, therefore, unenforceable. (*Tracey* v. *Talmage*, 14 N. Y. 162; *Hull* v. *Ruggles*, 56 N. Y. 424; *U. S.* v. *A. P. & S. Co.*, 85 Fed. Rep. 271; 175 U. S. 211; *Cummings* v. *U. B. S. Co.*, 164 N. Y. 401; *Chappel* v. *Brockway*, 21 Wend. 157; *Cohen* v. *B. & J. E. Co.*, 166 N. Y. 292; *Straus* v. *A. P. Assn.*, 177 N. Y. 473; *People* v. *Milk Exchange*, 145 N. Y. 267; *Falvey* v. *Woolner*, 71 App. Div. 331; *T. I. Mfg. Co.* v. *Williams*, 127 Ala. 110.) The knowledge of Matthiessen, plaintiff's president, was the knowledge of plaintiff. (*Bank of U. S.* v. *Davis*, 2 Hill, 451; *Holden* v. *N. Y. & E. Bank*, 72 N. Y. 286; *Vil. of Port Jervis* v. *Bank*, 96 N.Y. 550; *M. T. Co.* v. *Nat. M. Bank*, 102 Md. 608; *Nat. S. Bank* v. *Cushman*, 121 Mass. 490; *Atlantic Cotton Mills* v. *Indian Orchard Mills*, 147 Mass. 268; *W. Nat. Bank* v. *Irons*, 8 Fed. Rep. 1; *T. Nat. Bank* v. *Smith*, 22 S. W. Rep. 1056; *Lea* v. *I. B. M. Co.*, 42 So. Rep. 415; *Berry* v. *Rood*, 168 Mo. 316; *N. Y. & N. E. R. R. Co.* v. *N. Y., N. H. & H. R. R. Co.*, 52 Conn. 274.)

*Herbert Parsons* for respondent. The principles of the law of agency applicable in cases where an attempt is made

to bind a party by a presumption, as is done here, consist in the exceptions that notice to and knowledge of an officer of two corporations dealing with one another and having antagonistic interests such as vendor and vendee, lessor and lessee, etc., cannot be imputed to either; and 'that where the agent forms the purpose of dealing with his principal's property for his own benefit and advantage or for the benefit and advantage of other persons who are opposed in interest, or where he is acting in hostility to his principal or is engaged in the perpetration of an illegal scheme or a criminal act, the knowledge of the agent is not imputable to his principal. (*Benedict* v. *Arnoux*, 154 N. Y. 715; *Olyphant* v. *Phyfe*, 48 App. Div. 1; *S. C. Bank* v. *Neass*, 5 Denio, 329; *Barnes* v. *T. G. L. Co.*, 27 N. J. Eq. 33; *Highstown Bank* v. *Christopher*, 40 N. J. L. 435; *Stevenson* v. *Bay City*, 26 Mich. 44; *Winchester* v. *B. & S. R. Co.*, 4 Md. 231; *Wickersham* v. *C. Z. Co.*, 18 Kan. 481; *Seaverns* v. *Presby. Hospital*, 173 Ill. 414; *T. Nat. Bank* v. *Harrison*, 10 Fed. Rep. 243.)

WILLARD BARTLETT, J.    This is an action to recover rent claimed to be due under a three years' lease of the plaintiff's distillery premises in the borough of Brooklyn, executed on the 28th day of June, 1898. The defendant entered into possession of the property and paid the installments of rent due thereon until November 1, 1899, since which date it has refused to pay on the ground that the lease was made in furtherance of a plan to create a monopoly, and was, therefore, contrary to public policy and not enforceable in law. This was the sole defense relied upon on the trial, and is the sole defense presented for our consideration upon the appeal.

The defendant corporation, according to the findings of the trial judge, was organized for the purpose of controlling and fixing the price of spirits and alcohol in the state of New York and throughout the United States, and it acquired a large number of properties, including the lease sued on, in furtherance of that purpose.

Mr. F. O. Matthiessen was the president of the plaintiff

corporation and executed the lease in its behalf.    He was also actively interested in the affairs of the defendant corporation, as appears from the twelfth finding of fact, which is as follows:

"*Twelfth.* On June 27th, 1898, on which date the defendant was incorporated, and pursuant to arrangements previously made by those interested in the incorporation of the defendant, including F. O. Matthiessen, the said F. O. Matthiessen was elected one of its fourteen directors, and was constituted one of the seven members of its Executive Committee.    He took part in the proceedings for the organization of the company, and prior to its organization became one of the underwriters to supply the money to be provided for working capital."

The trial court further found that there was no contract between the defendant company and the plaintiff company except the lease; that there was no contract, nor was anything said to the effect that either the plaintiff or the defendant should not be at liberty to distill spirits at will when and where they liked; that the plaintiff company did not participate in the formation of the defendant company or in any arrangement preliminary thereto; that the plaintiff company had no notice of the arrangement for the formation of the defendant company, unless such knowledge as was possessed by Mr. F. O. Matthiessen constituted notice to it; and, finally, that " such knowledge as was possessed by the said F. O. Matthiessen came to him by reason of his relation to the defendant company as one of the parties concerned in the arrangement for its formation as an underwriter, as a member of its board and its executive committee, and by reason of the efforts which he made to procure the lease in question for the defendant company."

Assuming that the scheme in aid of which the defendant corporation procured this lease was a combination in restraint of trade, was Mr. Matthiessen's knowledge of its nature imputable to the lessor under the circumstances?    We think that this question must be answered in the negative and that the defendant's appeal must, therefore, fail.    The case clearly

falls within the doctrine declared by this court in *Benedict* v. *Arnoux* (154 N. Y. 715, 728), where it was held that when an agent forms the purpose of dealing with his principal's property for his own benefit and advantage, *or for the benefit and advantage of other persons who are opposed in interest,* he ceases in fact to be an agent acting in good faith for his principal, and *the presumption that he has disclosed all the facts that have come to his knowledge no longer prevails.* It is plain from the findings that what Mr. Matthiessen had at heart were the interests of the lessee in opposition to those of the lessor. His information, therefore, to the effect that the lessee's purpose was an unlawful one, assuming it to have been such, did not charge the lessor with knowledge of the fact.

This view is decisive of the appeal, and it seems so clearly applicable to the facts of the case that we do not deem it necessary to discuss the other points or review the numerous cases presented in the briefs of counsel.

The judgment should be affirmed, with costs.

Cullen, Ch. J., Gray, Haight, Werner, Hiscock and Chase, JJ., concur.

Judgment affirmed.