BATES et al. v. ROSENBERG.

(Supreme Court, Appellate Term.   February 24, 1910.)

1. COMPOSITIONS WITH CREDITORS (§ 29*)—VALIDITY—SECRET PREFERENCES.
      Where creditors signing a composition agreement to take 50 per cent.
   of their claims had no knowledge of a preference given to another cred-
   itor signing the agreement, whereby he should receive an extra 50 per
   cent. the note of the debtor for the extra 50 per cent. was not enforceable.
      [Ed. Note.—For other cases, see Compositions with Creditors, Cent. Dig.
   § 90; Dec. Dig. § 29.*]

2. COMPOSITIONS WITH CREDITORS (§ 27*)—VALIDITY—SECRET PREFERENCES.
      Evidence *held* to show that some of the creditors signing a composition
   agreement to take 50 per cent. of their claims had no knowledge of a pref-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

erence given to another creditor signing the agreement whereby he should receive an extra 50 per cent.

[Ed. Note.—For other cases, see Compositions with Creditors, Cent. Dig. §§ 86, 94; Dec. Dig. § 27.*]

3. ATTORNEY AND CLIENT (§ 104*)—KNOWLEDGE OF ATTORNEY—EFFECT.

Under the rule that a principal is not affected with the knowledge of an agent dealing with the principal's property rights for the benefit of persons opposed in interest, creditors signing a composition agreement to take 50 per cent. of their claims without knowledge of a preference given to another creditor signing the agreement, whereby he should receive an extra 50 per cent., are not chargeable with the fact that the attorney of all the creditors knew of the preference.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 92, 93; Dec. Dig. § 104.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jerome E. Bates and another against Barnet Rosenberg. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Joseph G. Grauer and Charles A. Rathkopf, for appellant.

Abr. A. Silberberg, for respondents.

PER CURIAM. This is an action upon a note given by a debtor and his wife to induce plaintiffs to sign a composition agreement with his other creditors, by which each accepted 50 per cent. of his claim in payment of his claim, and not to prosecute him for a fraudulent representation to them, made before the failure, for the purpose of inducing them to give him credit. Plaintiffs have been paid their 50 per cent. This is one of two notes given to make their share 100 per cent.

The main question litigated was whether the agreement for the extra 50 per cent. was known to the other creditors. If not, it is not disputed that the notes are void. Hanover National Bank v. Blake, 142 N. Y. 404, 37 N. E. 519, 27 L. R. A. 33, 40 Am. St. Rep. 607, and cases cited. Two of the creditors testify that they knew nothing of the preference to plaintiffs. The debtor's attorney testifies that it was kept quiet in the meetings of creditors, which were all held in the office of one Silberberg, who had been selected by all of them as their attorney. He is the only opposing witness, and his testimony is discredited by a petition which he admits having personally verified and presented to the United States District Court for the purpose of securing a dismissal of pending bankrupt proceedings against the debtor, in which he set out a list of the creditors, including these plaintiffs, and swore that each had accepted 35 per cent. in cash and 15 per cent. in notes "in full satisfaction of their respective debts." This was a fraud upon the court. In view of the matters aforesaid, and of his attempt to lead the present trial court to believe that the note in suit might be one of those mentioned in the petition, we think that credence should not have been given to his testimony as against that of defendant's witnesses.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Plaintiffs argue that, as Silberberg was attorney for the other creditors, as well as themselves, all are affected by his knowledge of the preference being given, whether actually they know it or not, and although they might have repudiated the whole settlement, as one of them here testified that he would have done. But a principal is not affected with the knowledge of an agent that the latter is dealing with his property rights for the benefit and advantage of persons opposed in interest. Benedict v. Arnoux, 154 N. Y. 715, 728, 49 N. E. 326; Brooklyn Distilling Co. v. Standard Distilling Co., 120 App. Div. 237, 105 N. Y. Supp. 264; Id., 193 N. Y. 551, 554–555, 86 N. E. 564.

It is unnecessary to consider the other objections made to the note, the evidence as to which is not complete.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.