BOARD OF EDUCATION OF SCHOOL UNIT No. 2, TOWN OF MIDDLETOWN, DELAWARE COUNTY, N. Y., Respondent, *v.* AUGUSTUS H. TODD, Appellant.

Third Department, December 29, 1919.

Deeds — reformation — mutual deeds given by school district and adjoining landowner — deed given by defendant reserving right of way not authorized by school district — finding of fraud on part of defendant not sustained — knowledge of president of board of education as knowledge of school district — evidence — circumstances surrounding execution of deed admissible on question of fraud — rescission as proper remedy.

In an action to reform a deed it appeared that the plaintiff, at a special school meeting, authorized the exchange of specified portions of land owned by the district and the defendant respectively, and that deeds to effect such exchange were thereafter executed and delivered, but that in the deed by the defendant there was a reservation of a right of way not authorized by the said school meeting. The complaint charged that the defendant fraudulently, surreptitiously, and with an intent to defraud, overreach and cheat the school district inserted in the deed such reservation.

On all the evidence, *held*, that the finding that the defendant intended to deceive and defraud the district was not sustained.

The defendant when he executed his deed was under no obligation to give a deed in any form, for the reason that no contract had been subscribed by him, and he was, therefore, in a position absolutely to dictate what he would or would not convey.

The knowledge acquired by the president of the board of education, who acted as attorney for both the parties and who received and accepted the deed from the defendant containing the said reservation, was chargeable to the district itself.

As bearing upon the question of fraud, evidence offered by the defendant as to the circumstances surrounding the preparation and delivery of the deeds and as to the conversations between the defendant and the plaintiff's president and attorney concerning the said reservation, should have been admitted.

*It seems,* that the proper remedy of the plaintiff under the circumstances would be a rescission of the deeds, thereby placing the parties in *statu quo.*

APPEAL by the defendant, Augustus H. Todd, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Delaware on the 26th day of April, 1919, on a decision of the court after a trial before the court without a jury.

*George A. Speenburgh,* for the appellant.

*O'Connor & O'Connor* [*Charles R. O'Connor* of counsel], for the respondent.

COCHRANE, J.:

On June 7, 1913, at a special school meeting of school district No. 21 of the town of Middletown, which district was subsequently merged in school unit No. 2 of said town, the electors of said district for the purpose of straightening the line between the site of the school building and the adjoining land of the defendant authorized an exchange of certain specified portions of land owned by the district and the defendant respectively. Deeds to effect such exchange were thereafter executed and delivered by the district and the defendant. In the deed of the defendant to the district was a reservation to him of the right to use a portion of the premises conveyed for the purpose of crossing the same with automobiles when necessary to go from his garage. Such reservation was not in accordance with the authority conferred by the electors of the district at the said school meeting for the exchange of said parcels of real estate.

The complaint charges that the defendant " fraudulently, surreptitiously, and with the intent to defraud, overreach and cheat " the school district inserted in the deed such reservation. The judgment determines that such deed be reformed by striking therefrom the said reservation and directs the defendant to execute another conveyance releasing such reservation. The decision of the trial justice contains

a recital that the defendant " wrongfully and unlawfully and without right inserted in said deed " the obnoxious reservation. But whether it was wrongful and unlawful because the electors of the district had not authorized the acceptance of a deed in that form or because the defendant was guilty of an intent to deceive and defraud the district does not appear.

A finding that the defendant intended to deceive and defraud the district could not properly be made on the evidence. The defendant when he executed his deed was under no obligation to give a deed in any form for the reason that no contract had been subscribed by him. (Real Prop. Law, § 259.) He was, therefore, in a position absolutely to dictate what he would or would not convey. Both deeds were prepared by Mr. Speenburgh, an attorney-at-law and one of the board of education of the school district. He represented both parties in the transaction. He was paid by the district for his services in drawing its deed to the defendant. As an officer of the district he signed its deed to the defendant. He attended to the recording of the deed from the defendant to the district and was reimbursed by the district for the expenses of recording. At that time, which was only about a week after the execution of the deeds, he had become president of the board of education. As such officer he retained the deed of the defendant to the district in his possession after it was recorded. He had the same knowledge as the defendant of the reservation in the deed. His knowledge was the knowledge of the district (*Holden* v. *New York & Erie Bank*, 72 N. Y. 286, 292; *Village of Port Jervis* v. *First National Bank*, 96 id. 550, 558) unless he was acting in bad faith and in collusion with the defendant. (*Brooklyn Distilling Co.* v. *Standard D. & D. Co.*, 193 N. Y. 551.) Bad faith and collusion by this school officer is an inference not warranted by the evidence. In fact the trial justice says in his opinion he " at all times acted in good faith." Good faith on his part and bad faith on the part of the defendant are inconsistent. If Speenburgh acted in good faith so did the defendant. It does not appear that Speenburgh at that time was the attorney of the defendant in any other matter or that he had any reason for conspiring with him to perpetrate a fraud on the district of which he was an officer. Neither is there any apparent motive

why the defendant should have desired to impose on the district. He was importuned by one of the officers of the district to make the exchange and seems to have done so with some reluctance and it does not appear how he was benefited by the transaction. No money passed between the parties and it certainly was not a benefit to him to be restricted in his access to his garage. The charge of fraud and deceit has failed.

Furthermore as bearing on the question of fraud there is a material error in the exclusion of evidence. Speenburgh as a witness for the defendant was asked to state the circumstances of the preparation of the deeds. This was excluded on objection by the plaintiff as were also conversations between the defendant and Speenburgh. The latter was not only the common attorney of both parties but he was an officer of the school district and conversations between him and the defendant bearing on the question of this objectionable reservation and the circumstances in connection therewith were clearly admissible at the instance of the defendant. Before the defendant can be found guilty of fraud he must be permitted to show what took place between him and this school officer.

It is assumed by plaintiff that the board of education could not without authority from the electors of the district accept a deed from the defendant with the reservation in question. On that assumption, however, it does not follow that in the absence of fraud or in the absence of other facts not established by the evidence the defendant should be required to give up this reservation. He has at no time obligated himself to do so. A rescission of the deeds would place the parties without prejudice in their original situation and under the circumstances here appearing would accomplish substantial equity and that was offered by the defendant before the commencement of the action.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed and new trial granted, with costs to the appellant to abide the event.