GRANITE BOND AND MORTGAGE CORPORATION and Another, Respondents, *v.* CLAUDE HUTCHINS, Defendant, Impleaded with CARL DARE, Appellant.

ROLLIN M. McCONNELL and Another, Appellants.

Fourth Department, March 13, 1929.

*William C. Carroll*, for the appellant Dare and others.

*Owen B. Augspurger* [*James O. Moore* of counsel], for the respondents.

TAYLOR, J. In 1923, in two several actions, defendant Dare sued these plaintiffs for moneys earned in selling stock for them. Counterclaims were interposed in both actions, to the effect that Dare had been guilty of conduct amounting to fraud on these plaintiffs in his operations as their representative. Dare was entirely successful in each case; the judgment against the Granite Company was affirmed by this court (*Dare* v. *Granite Bond & Mtge. Corp.*, 223 App. Div. 809) and leave to appeal to the Court of Appeals was denied by the Appellate Division (224 App. Div. 699) and the Court of Appeals. The present action is for damages on the theory that Dare wrongfully conspired with defendant Hutchins in bringing about the sales above mentioned. The instant appeal is from an order staying defendant Dare from proceeding to enforce his judgment against the plaintiff Granite Company.

The gravamen of the present action, as well as of the counterclaims in the preceding actions, is that Dare defrauded his corporation employers. Whether he did it exactly as defendants attempted to show in the first two actions, or as alleged by plaintiffs in the present action (through a conspiracy with Hutchins, who was president of the Discount Company and the Granite Company), is a matter of detail only. If Hutchins was corruptly conspiring with Dare, notice to him or knowledge in him of the fraudulent transactions was not notice to either company of which he was president.

" When the agent * * * is engaged in a scheme to defraud his principal, the presumption [that notice to him is notice to his principal] does not prevail, because he cannot in reason be presumed to have disclosed that which * * * would expose and defeat

his fraudulent purpose." (*Henry* v. *Allen*, 151 N. Y. 1. See, also, *Brooklyn Distilling Co.* v. *Standard D. & D. Co.*, 193 N. Y. 551; *Carlisle* v. *Norris*, 215 id. 400, 414; *Credit Alliance Corp.* v. *Sheridan Theatre Co.*, 241 id. 216.)

Any transactions of Dare involved in his work for his principals could have been proved under the general allegations of fraudulent misrepresentation in the counterclaims mentioned, whether such transactions were carried through by Dare alone or in co-operation with Hutchins.

When the first two actions were brought these plaintiffs apparently knew about the transactions and relations between Dare and Hutchins, which are now said to have amounted to a corrupt conspiracy. In an affidavit presented by plaintiffs on their application for the order now upon appeal one Everette H. Hunt affirms that a Mr. Joline, who verified the answer of the Discount Company in the first action, was a director and secretary of that company and knew that Dare was splitting commissions with Hutchins. The Granite Company had absorbed the Discount Company before either of the first actions was brought to trial. And a reading of this record and the records in the first two actions (which were made a part of this record) leaves little doubt that the relations among the men who controlled and directed the several corporations (finance, promoting and surety corporations) directly and indirectly involved in the transactions now in issue, were such that both these plaintiffs had knowledge at the time of the first trials as to the relations between these defendants.

The claim or cause of action in litigation in each of the three instances is the same. Even assuming that participation by Hutchins in the claimed fraudulent practices of Dare had been of material importance in proving the allegations against Dare contained in the counterclaims in the first two actions, the defendants in those actions (the present plaintiffs) not having seen fit to present in those trials all the testimony at hand bearing upon the claimed fraudulent conduct of Dare, are concluded here. In the decision in the action against the Granite Company was a finding that the issues involved in the counterclaim set forth in the answer had been litigated and determined in the previously tried action against the Discount Company. The judgments, then, in both these first two actions are *res adjudicata* as to this action, and an absolute bar. (*Luce* v. *N. Y., C. & St. L. R. R. Co.*, 213 App. Div. 374, 376; affd., 242 N. Y. 519; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 id. 304.) This is not prevented by the presence of Hutchins as a party defendant. (34 C. J. 930; *Walsh* v. *Ostrander*, 22 Wend. 178.)

The discretionary order granting the stay should be reversed upon the law, with ten dollars costs and disbursements, and the motion denied.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

.Order reversed on the law, with ten dollars costs and disbursements, and motion denied.