from the 15th day of December, 1925, and always has been, since the date of its execution and delivery, between this plaintiff and the said defendants William Horowitz, Martha Horowitz and Samuel Mindel." This court also makes a new conclusion of law, numbered 4a, viz.: " 4a. That it is further adjudged and decreed that upon the exercise of the privilege contained in said option agreement dated December 15, 1919, to continue the same for a further period of five years from September 1, 1925, as therein provided, the plaintiff then held under a good, valid and subsisting lease." Present — Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ. Settle order on notice.

JOHN A. SEAMAN, Appellant, v. ANNA E. VAN SICKLEN, Respondent.— Judgment and order reversed upon the law and new trial granted, costs to appellant to abide the event, for error in refusal to charge as requested at folio 229. Kelly P. J., Young and Hagarty, JJ., concur; Manning and Lazansky, JJ., dissent upon the ground that when plaintiff was authorized to procure a customer, and during a part of his negotiations to that end, he was not a licensed broker, and was guilty of a misdemeanor, and that no claim for commissions can arise out of such a situation, even if at the time he procured the customer he was a licensed broker.

COURTLAND SMITH, Respondent, v. MOSES L. ANNENBERG, HARRY A. BRAELOW, JOSEPH D. BANNON and HERBERT KRANCER, Appellants.— Order denying defendants' motion to dismiss complaint affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Manning, Young, Lazansky and Haggarty, JJ., concur.

ANNA STEWART and MORRIS STEWART, Appellants, v. HARRY KELLER, Respondent.— Order dismissing action as *res adjudicata* reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. While there is a suggestion that the application of plaintiff Anna Stewart to open her default in the County Court was denied because the court had no jurisdiction, it clearly appears that the judgment was entered on that plaintiff's default. In neither event was it a judgment on the merits, and, therefore, it is not a bar to this action. It could not be a bar against Morris Stewart for he was not a party to the County Court action. Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ., concur.

KATHERINE STOLPE, Respondent, v. STANLEY SERGEANT, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ.

JULIA SULLIVAN, Plaintiff, v. WILLIAM SMITH, Respondent. LEO H. BERNSTEIN, Appellant.— Order affirmed, with ten dollars costs and disbursements. The appellant was properly made a party defendant under section 193 of the Civil Practice Act. Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ., concur.

SAMUEL WEBER, Respondent, v. BARNEY STEINGART, Appellant.— Order setting aside verdict and granting new trial upon the ground that the verdict was contrary to the evidence, unanimously affirmed, costs to abide the event. There was a clear-cut question of fact presented on the evidence in this case; still we are loath to interfere with the order of the learned trial justice who saw and heard the witnesses, and who directed a new trial, being convinced that the verdict was contrary to the evidence and that it registered a miscarriage of justice. (*Boos* v. *Field*, 192 App. Div. 696; *Lyons* v. *Connor*, 53 id. 475; *Glassford* v. *Lewis*, 82 Hun, 46; *Northam* v. *Dutchess County Mut. Ins. Co.*, 68 App. Div. 475; *O'Keeffe*