Samuel Rabin, J.
Motion by defendant Kool Air Systems, Inc. for summary judgment.
On March 16, 1955 Argyle Associates, Inc. (hereinafter referred to as Argyle) entered into a written contract with Kool Air Systems, Inc. (hereinafter referred to as Kool) whereby the latter undertook to install an air-conditioning system at Argyle’s premises for $8,950. Kool subcontracted part of that job, but such fact is not material to resolution of the questions presented on this motion.
On or about November 14, 1955 Kool sued Argyle in the District Court of Nassau County to recover the sum of $2,163, the balance allegedly due under the contract of March 16, with interest. Argyle interposed a general denial. A judgment in favor of Argyle was entered on February 21,1957.
In the meantime, on or about August 27, 1956, Argyle commenced an action in the Supreme Court, Nassau County, to recover the sum of $7,285, with interest, for Kool’s alleged breach of the contract of March 16, 1955. This is the action to which the instant motion for summary judgment is directed.
On or about August 21, 1957, while the Supreme Court action was pending, Argyle commenced an action against Kool in the District Court of Nassau County to recover, under section 80-e of the Personal Property Law, the sum of $1,696.75, with interest which represented one fourth of the sums paid under the contract. A judgment in favor of Argyle was entered in that action on November 6, 1958. That judgment, however, has since been reversed by the Appellate Term and a new trial ordered. (N. Y. L. J., Dec. 21,1959, p. 10, col. 8.)
Kool moves for summary judgment in this action on the grounds that the judgments in the District Court actions are res judicata and that the judgment in the District Court action commenced by Argyle constituted an election of remedies.
The court finds no merit in either argument. The monetary counterclaim jurisdiction of the District Court of Nassau County at the time of the commencement of the action by Kool was $3,000 exclusive of interest, and costs and even by the time *472 of the rendition of the judgment was $6,000 exclusive of interest and costs. (Nassau County District Court Act, § 98.) Neither sum would have fully compensated Argyle for its claimed damages. Had it sued to recover so much of its claim as was within the jurisdiction of the District Court, it would have been barred from subsequently maintaining an action to recover the balance. (Silberstein v. Begun, 232 N. Y. 319, 323-324.) In that case the Court of Appeals held that by section 86 of the Municipal Court Code the Legislature had ' ‘ not only intended to limit the recovery on a counterclaim in the Municipal Court to the sum of $1,000 [now $3,000], but also to prevent the maintenance of an action to recover the balance of a counterclaim pleaded in excess of that sum” (id., p. 323). Judge McLaughlin, writing for a unanimous court, continued as follows (pp. 323-324): “It is also suggested if such construction be put upon section 86 it does an injustice to the defendants; that they had a counterclaim in excess of $1,000, which excess they are deprived of recovering, simply because they used it in opposition .to the plaintiffs’ claim and to the extent of the court’s jurisdiction. If the use thus made of the counterclaim results in doing them an injustice, it is due solely to their own act, since it was optional with them whether they would there use it or not. If they had not there used it, then they could have maintained an independent action to recover the entire amount of the counterclaim. (Brown v. Gallaudet, 80 N. Y. 413; Dunham v. Bower, 77 N. Y. 76; Gillespie v. Torrance, 25 N. Y. 306, 310.) They could not, however, use the counterclaim as they did in the Municipal Court to the extent that it had jurisdiction and then maintain an independent action to recover the balance. This could not be done because the counterclaim constituted one indivisible claim upon which but one cause of action could be maintained.” To be barred from asserting a counterclaim in a subsequent action the counterclaim must not only be one that should have been raised but also one that could have been raised. Such is not the case here. (Cf. Musco v. Lupi, 6 Misc 2d 930, 932.) Accordingly, Argyle had the option of asserting its counterclaim in the District Court, with the jurisdictional limitation there obtaining, or of commencing an action in the Supreme Court, as it did. (Matter of Annis Int. v. Jamin Mfg. Co., 6 A D 2d 1003.)
So far as the District Court action commenced by Argyle is concerned, this motion for summary judgment was made prior to the Appellate Term’s reversal of the judgment obtained by Argyle in that action. That reversal has obviated the necessity of determining whether that judgment, unreversed, *473 would have been res judicata of the instant controversy or whether it would have constituted an election of remedy. In any event, as to the latter aspect of the matter, ‘1 An election of remedies takes place when a choice is exercised between remedies which proceed upon irreconcilable claims of right.” (American Woolen Co. v. Samuelsolm, 226 N. Y. 61, 66 [emphasis supplied]; see, also, Smith v. Kirkpatrick, 305 N. Y. 66, 73-74.) But there is nothing irreconcilable about Argyle’s respective claims in its District Court and Supreme Court actions. Kool’s failure to resell the goods at public auction after retaking them gave rise to a cause of action in favor of Argyle to recover the statutory penalty provided by section 80-e of the Personal Property Law. (See 2 U. L. A., § 25, pp. 38-39; 2A U. L. A., §§ 132-134, pp. 184-188.) The measure of the damages recoverable by Argyle in that action were its “ actual damages, if any, and in no event less than one-fourth of the sum of all payments which [had] been made under the contract, with interest.” (Personal Property Law, § 80-e.) The nature of the damages recoverable by Argyle were the damages, howsoever measured, which it had sustained as a result of Kool’s failure to resell as required. Kool’s alleged failure properly to perform the contract of March 16, 1955, is what gave rise to Argyle’s Supreme Court action to recover damages therefor. The failure charged to Kool in that action is defective installation and improper performance of the equipment (complaint, par. “ fifth ”). The measure and nature of the damages recoverable by Argyle for that conduct on the part of Kool are markedly different from the measure and nature of the damages recoverable by Argyle for Kool’s failure to resell at public auction. Differently stated, Kool’s failure to resell gave rise to the statutory cause of action; KooP'S alleged breach in the performance of the contract gave rise to another and entirely distinct cause of action.
The motion is accordingly denied. Submit order.