MICHAEL FEDERATION, Doing Business as CERTIFIED WELDING WORKS, Plaintiff, *v.* JARVIS & SPITZ, INC., Defendant. (Action No. 1.)

JARVIS & SPITZ, INC., Plaintiff, *v.* ROCHESTER DAVIS-FETCH CORP., Defendant. (Action No. 2.)

Supreme Court, Monroe County, June 8, 1962.

*MacFarlane, Harris, Martin, Kendall & Dutcher (Donald C. Summers* of counsel), for Jarvis & Spitz, Inc., defendant in Action No. 1, and plaintiff in Action No. 2. *Fix & Spindelman (Meyer Fix* of counsel), for Michael Federation, plaintiff.

CHARLES LAMBIASE, J. Defendant, Jarvis & Spitz, Inc., in Action No. 1, has moved "for an order directing the consolidation of the within entitled actions, or in the alternative directing that they be tried jointly, and granting Jarvis & Spitz, Inc. such other and further relief as to the Court may seem just and proper."

Plaintiff, Michael Federation, doing business as Certified Welding Works, in Action No. 1, has moved herein "for an order granting plaintiff summary judgment against defendant in accordance with the Complaint and the affidavit of Meyer Fix, verified May 8, 1962, and for such other and further relief as to the Court may seem just and proper."

Defendant, Rochester Davis-Fetch Corp., in Action No. 2, has not appeared nor served any papers in connection with these motions.

Plaintiff, Jarvis & Spitz, Inc. (Action No. 2) contracted to perform certain plumbing and heating work at high schools to be erected on Brown Road and East Ridge Road in the Town of Irondequoit, New York. The schools were being constructed by the Irondequoit School District No. 1, and the general contractor for the Brown Road job was Thomas F. Maggio and for the East Ridge job, the Le Chase Construction Co. The general contractors subcontracted the ceiling and acoustical tile work to the Davis-Fetch Corp., which subcontracted the radiant heat ceilings to plaintiff, Jarvis & Spitz, Inc., which in turn subcontracted the welding to plaintiff, Michael Federation, doing

business as Certified Welding Works (Action No. 1) on a per weld basis after accepting his bid.

During the course of said welding work at said schools done by plaintiff, Michael Federation, doing business as Certified Welding Works and/or his agent, servant, and employee, one, Howard Schultz, burns and scars were caused to surrounding windows and tiles. These windows and tiles were removed at a cost of $7,339.04. Payment of an amount equivalent to said sum was withheld from Jarvis & Spitz, Inc., by the defendant, Rochester Davis-Fetch Corp., from moneys due from the latter to the former under their contract. Jarvis & Spitz, Inc., thereupon withheld the balance due from it to Michael Federation aforesaid under its oral contract with the latter, and it sued to recover amounts to the extent of $3,271.29 which it had already paid to said Michael Federation on account of its contract, said amount being the difference between the said sum of $7,339.04 and the amount retained as hereinabove stated by Jarvis & Spitz, Inc., from moneys due and owing to Michael Federation aforesaid.

Jarvis & Spitz, Inc., having been defeated and its complaint dismissed by the trial court in its suit against Federation for $3,271.29, trial having been had before the court without a jury, with findings of fact and conclusions of law made by the court, appealed to the Appellate Division, Supreme Court, Fourth Judicial Department, which in turn affirmed the decision of the trial court in its ultimate conclusion dismissing plaintiff's complaint, but did so upon different grounds and upon specific findings of fact made by it. It held that: " The contract between the parties was oral and provided simply for welding joints at a fixed price per weld and did not provide for furnishing protection during the process of welding. The defendant was not under a duty to protect the work, either as a matter of contract law or tort law. Therefore, there could not be a violation of duty by the defendant. The findings of the trial court to the contrary are disapproved and reversed. No question of third-party indemnity was involved herein. Findings upon that subject are also disapproved and reversed." (14 A D 2d 833.)

Action No. 1 was commenced by plaintiff therein by the service of a summons and complaint on the defendant therein on March 5, 1962, and seeks recovery of the sum of $4,067.75 for work, labor, and services rendered and materials furnished by plaintiff therein to defendant therein in connection with welding done in the course of the installation of a panel heating system in the ceilings of the Brown Road Elementary School and the

East Ridge High School, in the Town of Irondequoit, New York during the year 1958.

Action No. 2 was commenced by plaintiff therein against the defendant therein by the service of a summons on the 4th day of December, 1961, and the complaint in said action was served simultaneously with the service of the motion papers herein, in which said complaint plaintiff seeks to recover the agreed value of work, labor and services rendered, and materials furnished by it to defendant, Rochester Davis-Fetch Corp., in connection with the said panel heating system in the afore-mentioned schools in the Town of Irondequoit, New York. Actions Nos. 1 and 2 have not as yet been noticed for trial.

Movant, Michael Federation, doing business as Certified Welding Works, urges that the adjudication in the prior action between him and Jarvis and Spitz, Inc., is *res judicata* of all issues arising out of his hiring by defendant Jarvis & Spitz, Inc., and of all issues existing between them, and that for that reason there is no triable issue between him and Jarvis & Spitz, Inc.

It is urged by movant, Jarvis & Spitz, Inc., that the issues in the above-entitled Actions Nos. 1 and 2 arise out of the same transaction and are based upon the same facts in that they involve the determination of who should ultimately bear the cost of replacing the windows and tiles damaged as aforesaid; that time and expense will be saved by the consolidation of the two actions and the possibility of an anomalous result will be avoided if all issues concerning responsibility can be determined at one time; and that the consolidation, or in lieu thereof, their joint trial, will not be prejudicial to any party, but will facilitate and insure the administration of justice to all parties. It argues that in its prior action against Michael Federation, doing business as Certified Welding Works, the latter was sued upon the theory of negligence and breach of contract to perform his work in a workmanlike manner. It contends that in the Action No. 1 above named and set forth, the defense of Jarvis & Spitz, Inc., proceeds under the theory of equitable subrogation and unjust enrichment. The gist of its arguments is that " Inherent in the defense of Jarvis & Spitz, Inc. is the issue as to whether or not it has been obligated to pay a sum of money which in truth should be paid by plaintiff, Michael Federation, and whether or not the receipt by Federation of what he claims in this action, in view of the facts in this case, would not constitute an unjust enrichment." Lastly, it urges that plaintiff's motion in Action No. 1 for a summary judgment, being based on the doctrine of *res judicata*, should in effect have been one to strike out the

counterclaim under rule 110 of the Rules of Civil Practice, and that there are questions of fact with respect to *res judicata* which should be litigated on trial and not be passed upon summarily.

We are unable to agree with the position of Jarvis & Spitz, Inc., and we are of the opinion that the motion of movant, Michael Federation, doing business as Certified Welding Works, for summary judgment should be granted.

" A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first (*Cromwell* v. *County of Sac*, 94 U. S. 351; *Reich* v. *Cochran, supra* [151 N. Y. 122]) ". (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306–307.) " The decisive test is this, whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second." (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp, supra*, p. 308.)

" Such ' A judgment is conclusive upon the parties only in respect to the grounds covered by it and the facts necessary to uphold it ' (*Donahue* v. *New York Life Ins. Co.*, 259 N. Y. 98, 102). It ' does not operate as an estoppel as to immaterial or unessential facts ' but only as to those facts ' which have such a relation to the issue that their determination was necessary to the determination of that issue ' (*Stokes* v. *Stokes*, 155 N. Y. 581, 592)." (*Mintzer* v. *Loeb, Rhoades & Co.*, 10 A D 2d 27, 30.) Applying the test heretofore referred to (*Schuylkill Fuel Corp.* v. *Neiberg Realty Corp., supra*), it seems clear that the issues in Action No. 1 have been litigated on the merits in the prior action hereinbefore referred to, and that the adjudication therein made is conclusive upon the parties thereto so as to estop or preclude Jarvis & Spitz, Inc. from again litigating the same in Action No. 1.

Rule 113 of the Rules of Civil Practice provides in pertinent part as follows:

" 1. In any action, after issue has been joined, any party may move for summary judgment. * * *

" 2. * * * The motion shall be granted if, upon all the papers and proof submitted, the action or claim or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment, interlocutory or final, in favor of any party. The motion shall be denied if any party shall show

facts sufficient to require a trial of any issue of fact other than an issue as to the amount or the extent of the damages.''

'' In other words, summary judgment in favor of a plaintiff may and should be granted if on the same proof, undisputed, the plaintiff would be entitled to a directed verdict on trial. If material facts are in dispute, or if contrary inferences may be drawn reasonably from undisputed facts, the issue is for the fact finders to decide on trial, and not for determination by a judge on motion.'' (*Gerard* v. *Inglese,* 11 A D 2d 381, 382.) '' To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (*Di Menna & Sons* v. *City of New York,* 301 N. Y. 118). This drastic remedy should not be granted where there is any doubt as to the existence of such issues (*Braun* v. *Carey,* 280 App. Div. 1019), or where the issue is ' arguable ' (*Barrett* v. *Jacobs,* 255 N. Y. 520, 522) ; ' issue-finding, rather than issue-determination, is the key to the procedure ' (*Esteve* v. *Avad,* 271 App. Div. 725, 727).'' (*Sillman* v. *Twentieth Century-Fox Film Corp.,* 3 N Y 2d 395, 404.)

In the light of the foregoing we conclude that the motion of plaintiff, Michael Federation, doing business as Certified Welding Works, for summary judgment against defendant, Jarvis & Spitz, Inc. (Action No. 1) must be granted, and it is therefore in all respects granted.

In view of our disposition of the summary judgment motion, the motion of Jarvis & Spitz, Inc., plaintiff in Action No. 2 and defendant in Action No. 1, for an order directing the consolidation of the above-entitled actions or in the alternative directing that they be tried jointly, becomes academic, and must be and hereby is in all respects denied.