Harry Gittleson, J.
The plaintiff seeks to strike defendant’s answer for failure to appear for examination before trial. The defendant by separate motion prays for dismissal of the complaint pursuant to rule 113 of the Rules of Civil Practice. The latter motion will be considered first.
On August 22, 1960, the defendant instituted an action against Admiral Office and Industrial Equipment Corp. (hereinafter referred to as Admiral) in the former Kings County City Court to recover the sum of $6,000. Admiral interposed an answer which contained a general denial and a counterclaim in the sum of $3,335 allegedly due for goods sold and delivered to the plaintiff.
The action was reached for trial on January 19, 1961 and adjourned by consent until June 20, 1961. On the latter date Admiral defaulted. Thereupon the plaintiff adduced testimony before the court in support of its cause which resulted in a judgment in its favor against Admiral in the sum of $6,000, with costs; counterclaim was dismissed. The judgment was served by mail upon Admiral’s attorney with notice of entry duly indorsed thereon.
In the interim, to wit, April 19, 1961 Admiral filed a petition in bankruptcy and was adjudicated a bankrupt on the same day, all without notice to or knowledge of the defendant. The bankrupt’s schedule did not list the defendant either as a creditor or a debtor. Hence, the defendant neither voluntarily nor involuntarily submitted its judgment to the bankruptcy court for an allowance, nor was the trustee advised of the defendant’s pending action nor was he made a party thereto.
On April 6,1962 the plaintiff in this action (hereinafter called the Assignee) purchased pursuant to an order duly issued by the Referee in Bankruptcy, all of the trustee’s right, title and interest in and to the uncollectible accounts receivable and/or choses in action in the bankrupt estate inclusive of the alleged claim against the defendant.
*1059 On October 24,1962 the Assignee instituted this action against the defendant for goods sold and delivered by Admiral for the fair and reasonable value of $3,335 being the identical sum and for the same cause, sought by Admiral in its counterclaim which it asserted in the original action instituted against it by the defendant in this action. The defendant herein served its answer and included among its other defenses one of res judicata by reason of judgment obtained by it against Admiral.
The legal issue that is presented for resolution is whether the judgment obtained by the defendant against Admiral is binding upon the Assignee. Neither party argued that the issues presented for determination in the first action were or are any different than those presented in this action. Indeed, no such contention could be made. The issues are identical. If the present action had been instituted by Admiral after it had purchased the bankrupt’s interest from the trustee with exempt funds in its hand, this court would unhesitatingly hold that the former judgment recovered against it by the defendant in this action would be conclusive and as a result it would be estopped by reason of the application of res judicata from prosecuting the present action. The Assignee would avoid the application of this doctrine on the theory that it acquired title through the trustee in bankruptcy who it is contended would not be bound by the judgment in the course of the administration of the bankrupt estate. In support thereof, the Assignee cites several cases. I hold that the cases are inapplicable. The plaintiff completely overlooks the setting and circumstances under which the doctrine of those cases was enunciated. All of the decisions originated in the bankruptcy court and involved the validity, after the presentation of claims for payment by the trustee. In Pepper v. Litton (308 U. S. 295, 303-305) the court eloquently analyzed the underlying reason for those decisions. It wrote “ Courts of bankruptcy are constituted by §§ 1 and 2 of the Bankruptcy Act (30 Stat. 544) [U. S. Code, tit. 11, § 1, subd. 8; § 11] and by the latter section are invested ‘ tvith such jurisdiction at law and in equity as loill enable them to exercise original jurisdiction in bankruptcy proceedings.’ [Italics supplied.] Consequently this court has held that for many purposes 1 courts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity. ’ Local Loan Co. v. Hunt, 292 U. S. 234, 240. By virtue of § 2 a bankruptcy court is a court of equity at least in the sense that in the exercise of the jurisdiction conferred upon it by the Act, it applies the principles and rules of equity jurisdiction. Larson v. First State Bank, 21 F. 2d 936, 938. Among the granted powers are *1060 the allowance and disallowance of claims; the collection and distribution of estates of bankrupts and the determination of controversies in relation thereto; the rejection in whole or in part ‘according to the equities of the case’ of claims previously allowed; and the entry of such judgment ‘as may be necessary for the enforcement of the provisions’ of the Act. In such respects the jurisdiction of the bankruptcy court is exclusive of all other courts. United States Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 217.
“ The bankruptcy courts have exercised these equitable powers in passing on a wide range of problems * * * They have been invoked to the end that fraud will not prevail, that substance will not give way to form * * *
‘ ‘ Hence, this Court has held that a bankruptcy court has full power to inquire into the validity of any claim asserted against the estate and to disallow it if it is ascertained to be without lawful existence. Lester v. Gray, 236 U. S. 70. And the mere fact that a claim has been reduced to judgment does not prevent such inquiry” and continuing at page 310, the court wrote: ‘ ‘ Though disallowance of such claims will be ordered where they are fictitious or a sham, these cases do not turn on the existence or non-existence of the debt. Rather they involve simply the question of order of payment.”
Turning now to the right that was acquired by the Assignee, it is well to remember that except as to matters especially excepted by the Bankruptcy Act (U. S. Code, tit. 11, § 1 et seq.) a trustee in bankruptcy occupies no better position than the bankrupt. (Matter of Blake, 150 F. 279; Bennett v. Semmes, 287 F. 745; Matter of Roseboom, 253 F. 136.) He takes the property of the bankrupt not as an innocent purchaser but as the debtor had it at the time of the petition subject to all valid claims, liens and equities. (Matter of Seward Dredging Co., 242 F. 225; Sands v. Estabrook, 245 U. S. 651.) He acquires no better title than the bankrupt had, though trustee has rights, the bankrupt is estopped to assert. (Bankruptcy Act, § 47, subd. [a] as amd. in 1910; U. S. Code, tit. 11, § 75; Smith v. Bucyrus Co., 31 F. 2d 514.) Thus all that the trustee sold to the Assignee (plaintiff herein) was the naked claim of the bankrupt against the defendant. He could not endow the plaintiff with the exceptional rights accorded him under the Bankruptcy Act upon transfer of the account. All he could sell was the same chose of action owned by the bankrupt. Here, it was subject to an adjudication of the controversy which had been rendered in the City Court, Kings County. That judgment was not vacated, modified, reversed on appeal or set aside. *1061 Consequently, it was binding upon the parties thereto and their privies (Assignee in the instant ease) in any subsequent proceeding in which the same issue of fact and law are to be resolved by the second tribunal. (Marcus v. City of New York, 132 N. Y. S. 2d 902.)
I hold that the judgment heretofore entered herein in favor of the defendant and against Admiral is binding upon the plaintiff in this action. Its effect is to foreclose the plaintiff from prosecuting the action and consequently it is dismissed.
In view of the foregoing determination it becomes unnecessary to decide the plaintiff’s motion to strike the answer.