Norman L. Harvey, J.
This is an action for breach of contract. By written agreement dated October 17, 1947, plaintiff became a ‘1 .service operator ’ ’ (franchise dealer) for water-conditioning equipment and other products manufactured or .supplied by the defendant. He acquired exclusive rights for a territory which included the City .of Schenectady. The term of the agreement was 25 years, and although the contract was modified by a few amendments, no modification is significant insofar as present issues are concerned.
The complaint alleges that since October 21, 1958 the defendant has failed and refused to perform any of its obligations and that, specifically, it has refused to deliver ordered equipment and supplies. Plaintiff further alleges .that the defendant has induced third parties to aid and abet in the breaking of the contract and that the defendant has induced third parties to aid and abet the breaking of direct contractual arrangements between plaintiff and third parties-. The bill of particulars sets forth various categories of damages in the total .sum of $2,824,841. The complaint also demands punitive damages.
The action was commenced by the service of a summons on August 18, 1964, apparently under the ‘ ‘ long arm ’ ’ statute. The answer generally denies the material allegations of the complaint and then makes allegations entitled affirmative defenses and a counterclaim as follows :
(1) The affirmative defense of res judicata for the reason that the plaintiff had commenced an action in the United States District Court for the Northern District of Illinois against the same defendant for the same cause or causes of action asserted in the instant action and that said action has been finally determined against the plaintiff.
(2) The affirmative defense of a prior material breach by plaintiff of the instant contract.
(3) The affirmative defense that the contract had been determined void by an order of the Federal Trade Commission.
(4) The affirmative defense of the Statute of Limitations.
*640 (5) A counterclaim for damages alleging certain breaches of the contract on the part of the plaintiff.
The defendant now moves for summary judgment in favor of the defendant against the plaintiff upon the ground that the cause of action has no merit. To support its motion, defendant asserts only the three affirmative defenses of Statute of Limitations, prior breach, and res judicata.
It is elementary to recite that, for the defendant to succeed, it must establish by conclusive and irrefutable proof at least one of the affirmative defenses which, as a matter of law, would require a dismissal of the complaint. Its contentions and the proof offered in support will be considered individually.
The defendant contends that if the plaintiff had a cause of action it accrued in July, 1957 by an admission made in the pleadings of a Federal District Court case for two United States statutory causes of action. The instant action was commenced on August 18, 1964, more than six years after the accrual of the cause of action. Plaintiff, on the other hand contends that because defendant, at all times material herein, was a foreign corporation without a resident official or agent upon whom service could be made, the Statute of Limitations was tolled pursuant to section 19 of the Civil Practice Act until September, 1963, when the ‘ ‘ long arm ’ ’ statute became effective. The moving party fails in its burden of proof to establish that one or more officers or other persons were in the State on whom a summons against the defendant corporation could have been served. Additionally, from the evidence presented to it for its determination, the court cannot say as a matter of law that the cause of action accrued in July, 1957 rather than on some subsequent date. The beginning date for the computation of the statute constitutes a question of fact to be decided at trial and neither the pleadings in another action nor plaintiff’s exhibits in this motion are conclusive.
Before leaving this question, the court should point out that the opinion of Justice 0 ’Bribe" determining a prior motion concerning validity of service does not bolster defendant’s contention that the statute was not tolled. His finding that certain officials were assigned to represent the defendant in the transaction of business in New York and that from time to time one or more officials visited New York does not determine the question of the tolling of the statute under the provisions of the then existing Civil Practice Act,
Neither can the court determine as a matter of law that plaintiff’s alleged prior breach of contract is a complete defense *641 to the instant action. It is true that the income tax returns of the plaintiff and his various business entities would give some credence to defendant’s contention. It is also the court’s opinion that if paragraph “c” is not illegal and unenforceable for being in violation of the laws of the United States, a jury may well construe plaintiff’s other business activities as being in violation of the agreement. But, by the evidence presented to support this motion, the court cannot find conclusively that the provisions alleged to have been breached were enforceable; that the other business being carried on was a violation of said provisions; nor that any violation which may have taken place was not waived or consented to by the defendant. The evidence submitted does not necessarily exclude the validity of plaintiff’s contentions. There has been a long course of dealing between the two business entities involving a substantial number of people. The proof before this court at this time is very limited.
The prior judicial determination upon which the defendant relies for its defense of res judicata was in a suit in Federal court for two statutory actions; the first under section 1332 and subdivision (b) of section 1388 of title 28 of the United States Code and the second under sections 1, 13, 15 and 26 of title 15 of the United States Code. That action was concluded by a directed verdict in favor of the defendant, without specific findings of fact. The court merely referred to the defendant’s memorandum submitted in support of its motion for a directed verdict which, in substance, stated that the evidence introduced by the plaintiff was insufficient to show any damage-causing acts in violation of the sections of the United States Code cited in the complaint.
The memorandum limited the acts to those periods of time not barred by the Statute of Limitations applicable to that action in that court. In that regard the record stated that only acts subsequent to December 22, 1960 would be considered in the action under title 28 and only acts subsequent to December 22,1961 would be considered in the action under title 15.
‘ ‘ No judgment * * * is evidence in relation to any matter * * * to be inferred * # * only by argument or construction. Certainty as to the precise matters adjudicated is of the essence of the estoppel.” (2 Freeman, Judgments [5th ed.], § 691.) And when the causes of action involved in two lawsuits are different, the estoppel does not extend to matters which might have been litigated in the earlier suit, but is limited to those matters or issues common to both actions which were *642 either expressly or by necessary implications adjudicated in the first. (2 Freeman, Judgments, [5th ed.], § 677.)
“ ‘ The best and most invariable test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the present and the former action. ’ (2 Freeman, Judgments, [5th ed.], § 687.) ” (Fox v. Employers’ Liab. Assur. Corp., 239 App. Div. 671, 674.) The instant complaint alleges a breach -of contract on the part of the defendant in 1958. The defendant maintains that if there was a breach it occurred in 1957. Obviously there could not have been any prior determination of any evidence in support of those contentions when all facts which took place prior to 1960 were excluded from the trial. Also, the franchise agreement itself was excluded from the Chicago trial and that fact cannot be disputed although both parties assert their having made efforts to include it.
The doctrine of res judicata ‘ ‘ is elusive and difficult to apply case by case but it is essentially a rule of justice and fairness. It involves not one but two rules -of public policy. The first is that a question once tried out should not be .relitigated between the same parties or their privies. The -other public policy involved in collateral estoppel and res judicata, however, is that •these d-octrines must n-o.t be allowed to operate to deprive a party an actual opportunity to be heard.” (Commissioners of State Ins. Fund v. Low, 3 N Y 2d 590, 595.)
After reading the voluminous papers submitted by both parties and construing the complaint liberally and in the light most favorable to the plaintiff, the court believes that it has grasped the gravamen -of plaintiff’s contention. It is, essentially, that the defendant found itself in an unfavorable situation when the Federal Trade -Commission, in 1957, deleted from all -of defendant’s franchise agreements the exclusive dealing provisions. The defendant thereupon began a course of conduct designed to renegotiate new contracts in spite -of the fact that the existing contracts without exclusive dealing provisions were much more beneficial to the dealers. A number of dealers brought an action for injunctive relief to prohibit this defendant from coercing or threatening to coerce them to terminate their franchises, and were successful. The defendant had the same motive in regard to this plaintiff’s franchise agreement and plaintiff contends that it -refused to accept his -orders. Plaintiff -also contends that defendant sought to undermine his operation, all in a common cause to rid itself of a contract which it considered to be most unfavorable to its -interests.
Whether or not plaintiff’s contentions are true and, if true, whether -or not he can establish them by competent proof are *643 questions not to be decided by this court. But whether or not he may have a trial of the issue is to be decided now. The court concludes 'that .the plaintiff has not had an opportunity to be heard on the question now before this court and permitted to submit evidence allowable in this forum. Therefore, defendant’s motion is denied. But, for the same reasons, plaintiff’s countermotion is likewise denied.