JOSEPH W. STONER, Doing Business as CULLIGAN SOFT WATER SERVICE OF SCHENECTADY, Respondent, v. CULLIGAN, INC., Appellant.

Third Department, June 3, 1969.

*Borst, Smith, O'Loughlin, Smith & Abbey (Chadwell, Keck, Kayser, Ruggles & McLaren,* by *James E. Hastings,* of counsel), for appellant.

*Martin, Hislop, Mackay & Schudt (Bruce W. Hislop* of counsel), for respondent.

Cooke, J. This is an appeal from an order of the Supreme Court at Special Term, entered July 8, 1968 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint, as well as plaintiff's application for summary judgment.

Defendant, a manufacturer and supplier of water-conditioning products and equipment, by a contract dated October 17, 1947, granted plaintiff a 25-year franchise and exclusive right to distribute its products in a defined area in and about the City of Schenectady. In this suit commenced on August 18, 1964, the complaint alleges that defendant breached the agreement and induced third parties to breach their contractual arrangements with plaintiff. Defendant's motion is based on three grounds: (1) that a prior judgment rendered in favor of defendant against plaintiff by the United States District Court for the Northern District of Illinois is *res judicata* as to all of plaintiff's claims, (2) that a prior breach of the franchise contract by plaintiff precludes him from recovery of an alleged breach by defendant and (3) that the action is barred by the Statute of Limitations.

An existing final judgment rendered upon the merits by a court of competent jurisdiction is binding upon the parties and their privies in all other actions not only as to those matters actually litigated in the first suit but also as to those which might have been litigated therein but were not (*Israel* v. *Wood Dolson Co.,* 1 N Y 2d 116, 118; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304, 306–307; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5011.17), the doctrine of former adjudication being based on the principle that the public interest demands that a party not be heard a second time on a cause of action or issue that he once had the opportunity to litigate (*Matter of New York State Labor Relations Bd.* v. *Holland Laundry,* 294 N. Y. 480, 493; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5011.07). One facet of *res judicata,* referred to as splitting a cause of action, is found in the general rule that when a plaintiff brings an action for only part of his cause of action, the judgment obtained in that action precludes him from

bringing a second action for the residue of the claim, it being established that an entire claim, arising upon a contract or from a wrong, cannot be divided and made the subject of several suits and, if two or more suits are brought for different parts of such a claim, a judgment upon the merits in any one will be available as a bar in the others (*Ripley* v. *Storer,* 309 N. Y. 506, 517–518; *Pakas* v. *Hollingshead,* 184 N. Y. 211, 217–218; *Secor* v. *Sturgis,* 16 N. Y. 548, 554; 9 Carmody-Wait 2d, New York Practice, § 63:202).

The determination of what constitutes the same or different causes of action is not a matter free from difficulty, the definition of the term "cause of action" being a variable one depending on the context in which it appears (*Smith* v. *Kirkpatrick,* 305 N. Y. 66, 70). The test for determining whether or not causes of action are the same for the purpose of *res judicata* has been expressed variously by the courts, such as whether a different judgment in the second action would destroy or impair rights or interests established by the first action, whether the same evidence is necessary to maintain the second cause of action as was required in the first and whether the essential facts and issues are present in both causes of action (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp., supra,* p. 307; *Cook* v. *Connors,* 215 N. Y. 175, 178–179; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5011.14).

A comparison of plaintiff's complaints in each of the two actions is the best approach to a determination regarding the sameness of the causes of action therein. After the discontinuance of a patent infringement claim, the complaint in the Federal suit set forth two causes, the second denominated as being for "Unfair Competition" and the third as being for "Violation of Antitrust Laws." The former alleges the following acts of unfair competition: inducing plaintiff's employees to breach their contracts of employment with plaintiff and to join competitors, inducing said employees to deliver confidential information relating to plaintiff's business to defendant and competitors, disparaging plaintiff's products and services to his customers and inducing the customers to cease doing business with plaintiff and substituting defendant's products on customer premises for those of plaintiff. Neither the Federal complaint nor the instant complaint specifies the dates of the alleged illegal acts. An examination of said unfair competition cause of action and that portion of the complaint in this action charging that defendant induced third parties to break their contractual relations with plaintiff, as amplified by the bill

of particulars herein (Wachtell, New York Practice Under the CPLR [2d ed.], p. 228), reveals their identity. Both rest on common-law tort grounds and, regardless of how plaintiff may characterize the same cause in each action, he has had an opportunity to litigate the specific acts alleged to support these legal theories. He should not be allowed to relitigate the same acts.

However, plaintiff contends that, since he was not permitted in Federal court to submit evidence of defendant's acts prior to December 22, 1960 and those subsequent to December 22, 1965 to support his unfair competition claim there, he is not barred from suing defendant on such acts in the present suit. That court applied the Illinois five-year Statute of Limitations to said cause of action, rather than the statute of New York where the cause apparently arose, and, if plaintiff considered this ruling erroneous, he should have appealed. Plaintiff also argues that he should be permitted to sue on acts not alleged in his Federal complaint but committed after December 22, 1965, the date of filing of the complaint in the United States District Court. However, plaintiff's application, made two days before trial, for leave to amend the complaint so as to include acts committed up to trial was denied and plaintiff's remedy was an appeal from the denial rather than what is, in effect, a collateral attack on the denial in the New York courts. There is no indication that plaintiff seeks recovery based on acts subsequent to the entry of the judgment on January 18, 1968, in which event a different issue might be presented (cf. *Lawlor* v. *National Screen Serv.*, 349 U. S. 322, 328; *Cream Top Creamery* v. *Dean Milk Co.*, 383 F. 2d 358, 363).

It is unnecessary to decide whether the breach of contract cause of action herein is the same as one alleged in Federal court, and thus barred by *res judicata*, because the defendant should be deemed to have waived any objections he might have to a separate suit by plaintiff for breach of contract. In District Court defendant's counsel persistently objected to attempts to raise the franchise termination issue based on his statements that it was the subject matter of the New York action and not the United States action; he stated there that it would be "fairer" to both sides to present that issue to the New York court; the District Court Judge instructed the jury that said issue was not in the case there; and said Judge included in his directed verdict order a stipulation that defendant could amend its counterclaim in the New York case to ask for injunctive relief, a clear manifestation that all concerned

were then convinced that the breach of contract action would be tried in New York. Since the object of the rule against splitting causes of action is to protect a party from a multiplicity of actions, he may, if he chooses, waive the protection which the law thus has provided him (*Blake* v. *Weiden*, 291 N. Y. 134, 140; *Ocean Acc. & Guar. Corp.* v. *Hooker Electrochemical Co.*, 240 N. Y. 37, 50; 3 Carmody-Wait 2d, New York Practice, § 16:4; Restatement, Judgments, § 62). The doctrine of *res judicata* must not be allowed to operate to deprive a party of an actual opportunity to be heard (*MVAIC* v. *National Grange Mut. Ins. Co.*, 19 N Y 2d 115, 119; *Commissioners of State Ins. Fund* v. *Low*, 3 N Y 2d 590, 595).

There is a material and triable issue of fact as to whether plaintiff committed a prior breach of contract.

Defendant contends that any cause of action plaintiff may have for breach of contract accrued in July, 1957 and that the instant action, commenced on August 18, 1964, is barred by the six-year Statute of Limitations. However, there is a question of fact as to when the franchise agreement was breached, possibly as late as October, 1958 when defendant refused to fill an order, and also as to whether defendant was absent from New York State before September 1, 1963, the effective date of CPLR 302.

The order appealed from should be modified to the extent of granting defendant's motion for summary judgment, as it pertains to the cause of action set forth in plaintiff's complaint for inducement of breach of contractual relations, that defendant have judgment against plaintiff dismissing said cause of action, that said cause of action be severed and that the remaining cause of action set forth in the complaint continue as though said partial summary judgment were not granted; and, as so modified, the order appealed from should be affirmed, without costs.

Gibson, P. J., Aulisi and Staley, Jr., JJ., concur. Herlihy, J., concurring in part and dissenting in part, votes to affirm on the opinion of Harvey, J., at Special Term (59 Misc 2d 638).

Order modified, on the law, so as to provide that defendant's motion for summary judgment be granted to the extent of dismissing the cause of action set forth in plaintiff's complaint for inducement of breach of contractual relations; and, as so modified, affirmed, without costs.