OPINION OF THE COURT
Herbert H. Kramer, J.
At a real estate title closing, the sellers left $5,000 in escrow with their attorney pending buyers’ possession of the premises in broom-clean condition. Upon the perceived failure of the condition, an action was brought in New York County against the sellers. Respondent herein, an attorney, was also named as a defendant stakeholder in that action without allegations of misconduct on his part. Special Term, New York County, dismissed the action for default in failing to timely serve a complaint, which decision was affirmed by the Appellate Division.
The instant CPLR article 78 proceeding was instituted against the escrowees seeking (1) to acknowledge possession of the $5,000; (2) to compel the respondents to perform *583 their duty as attorneys; (3) to direct the deposit of the escrow into the court; and (4) to give an accounting.
Respondents moved to dismiss the article 78 petition, prior to answer, on the grounds of res judicata and that an attorney acting in a private capacity may not be a respondent.
This court holds that a default judgment entered in the nature of failure to prosecute is not treated as “final”, even though default judgments are usually given res judicata effect. Further, an attorney may be a proper respondent when acting as an officer of the court, especially involving the disbursement of escrow funds.
DISCUSSION
Res judicata effect is not given to a proceeding unless the litigation results in a final judgment, on the merits (5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.10). This general rule precludes a plaintiff from pursuing another suit on the same cause of action when a default judgment has been entered in his favor (Walston & Co. v Klein, 44 Misc 2d 607, affd 24 AD2d 559).
A default judgment entered against a plaintiff, however, will be treated as not being on the merits, and thus not a bar to subsequent actions by this plaintiff against the same defendant (Stewart v Keller, 219 App Div 833). A default for failure to timely serve a complaint is treated similarly to a dismissal for failure to prosecute, and is only adjudged on the merits if the court so indicates (CPLR 3216; Mintzer v Loeb, Rhoades & Co., 10 AD2d 27). Thus, there is no res judicata bar to the present proceeding.
Further, res judicata is conclusive only as it applies to subsequent litigation involving the same cause of action. The tests used to determine duplication of causes of action are varied. An early test enunciated by the Court of Appeals was whether the “judgment in the second [cause of action] would destroy or impair rights or interests established by the first [action]” (Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 307). Later cases have used different tests based upon the similarity of evidence (Lipkind v Ward, 256 App Div 74), and the identity of acts or issues (Stoner v Culligan, Inc., 32 AD2d 170). More re *584 cently, a transactional analysis has been adopted (Matter of Reilly v Reid, 45 NY2d 24; O’Brien v City of Syracuse, 54 NY2d 353; Smith v Russell Sage Coll., 54 NY2d 185).
The original cause of action and the one at bar arose out of one real estate transaction, albeit the case at bar proceeds upon a different legal theory and seeks different relief. Under the transactional approach of claim preclusion, the action herein could be barred by res judicata.
Similarly, the doctrine of collateral estoppel will apply to those issues actually litigated in the first action and forecloses further litigation thereupon (Federation v Jarvis & Spitz, 35 Misc 2d 414). But under either doctrine the prior action must have terminated in a final judgment on the merits (Israel v Wood Dolson Co., 1 NY2d 116). Since the first cause of action was merely dismissed for default, this current proceeding is not barred, and we proceed to the issue of a private attorney as article 78 respondent.
An article 78 proceeding may be brought against a “body or officer” including “every court, tribunal, board, corporation, officer, or other person” (CPLR 7802; emphasis added).
The common-law writs, as codified in CPLR 7801 et seq., were available to enforce performance of some act or duty demanded by statute or relating to some public matter or right (Matter of Weidenfeld v Keppler, 84 App Div 235, affd 176 NY 562). Additionally, where the “respondent performs official functions which, if not performed by him, would have to be undertaken by the state, or when the respondent has a franchise from the state, an Article 78 proceeding is proper” (see McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7802:l, p 276).
This court holds that an attorney, especially under the circumstances at bar, properly may be subject to an article 78 proceeding when the acts complained of are (1) ministerial and (2) undertaken while acting as an officer of the court.
All attorneys, upon admission to the Bar, take a constitutional oath of office in open court (Judiciary Law, § 466; NY Const, art XIII, § 1). An attorney is an officer of the court and may be required to account for his acts as such *585 (Chenango Val. Sand & Gravel Co. v Paddelford, 13 NYS2d 1006; Save Way Oil Co. v 284 Eastern Parkway Corp., 115 Misc 2d 141; 6 NY Jur 2d, Attorneys at Law, §2).
The passage of section 97-t of the State Finance Law reinforces the view that an article 78 proceeding against an attorney is proper, especially in matters of escrow. This section establishes a State-administered Clients’ Security Fund for reimbursing the victims of dishonest New York attorneys. The disposition of all attorney escrow funds is a matter of public policy and public right in this State (see Code of Professional Responsibility, DR 9-102).
Relief in this instance, however, is limited to those allowed by the common-law writ of mandamus. The attorney’s actions are neither legislative nor judicial, making certiorari and prohibition inapplicable (Siegel, NY Prac, §§ 557-560; CPLR 7803). Mandamus is an appropriate remedy to compel performance of a statutorily imposed duty that is ministerial (Matter of Kennedy v Macaluso, 86 AD2d 775, affd 56 NY2d 630; Matter of National Auto Weld v Clynes, 89 AD2d 689), but will not lie to enforce private rights of contract (Matter of Gray v Canisius Coll., 76 AD2d 30; Automated Ticket Systems v Quinn, 70 AD2d 726, mod 49 NY2d 792). Thus, this court cannot accede to the multiple relief requested. In the case at bar, the only permissible direction of the court would allow the acknowledgment and accounting for possession of such funds and a direction to perform their duties as attorneys, if, as, and when determined and the petition is thus limited to such relief.
Defendant’s attorney is directed to file an answer within 20 days of service of an order.